## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **HENRY HENDERSON,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action Number:** |
| **vs.** | : | |
| | : | |
| **PEABODY PROPERTIES SOUTH,** | : | |
| **LLC,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## COMPLAINT

Plaintiff Henry Henderson (hereafter "Plaintiff"), by and through undersigned counsel and pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.,* (hereafter "the FLSA"), bring this Complaint against Defendant Peabody Properties South, LLC (hereafter "Peabody") to recover due but unpaid overtime compensation and liquidated damages, pre-judgment interest, his costs of litigation including his reasonable attorneys' fees, and for other relief on the grounds set forth herein and shows the Court as follows:

### 1.

In addition to his federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as his federal claims.

These state law claims are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

This Court has supplemental jurisdiction over Plaintiff's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Defendant Peabody Properties South, LLC is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

5.

Plaintiff resides within Clayton County, Georgia.

6.

From November 12, 2009 through December 2011 and again from May 2012 through June 2012, Peabody employed Plaintiff as a Maintenance Technician at the Vineyards at Browns Mill ("Vineyards"), an apartment complex Peabody managed located at 2738 Vineyards Drive, Atlanta, GA 30354 and occasionally at other locations in and around Atlanta, Georgia.

7.

From January 2012 through April 2012, Peabody employed Plaintiff as a Maintenance Supervisor at the Vineyards and occasionally at other locations in and around Atlanta, Georgia.

8.

At all times relevant to this matter, Plaintiff has been an "employee" of Peabody as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

At all times relevant to this matter, Peabody has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

At all times relevant to this matter, Plaintiff has been "engaged in commerce" as an employee of Peabody as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

At all times relevant to this suit, Peabody paid Plaintiff at an hourly rate.

12.

At all times relevant to this suit and while an employee of Peabody, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

13.

At all times relevant to this suit and while an employee of Peabody, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

14.

At all times relevant to this suit and while an employee of Peabody, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

15.

At all times relevant to this suit and while an employee of Peabody, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

16.

Peabody is a corporation organized under the laws of the State of Massachusetts and is registered to do business in the State of Georgia.

17.

Peabody may be served with process through its registered agent, CT Corporation System, 1201 Peachtree Street, NE, Atlanta, GA 30361.

18.

At all times relevant to this matter, Peabody was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

19.

During 2010, Peabody had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

20.

During 2011, Peabody had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

21.

During 2012, Peabody had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

22.

During 2010, Peabody had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2011, Peabody had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

24.

During 2012, Peabody had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

25.

During 2010, Peabody had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

26.

During 2011, Peabody had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

27.

During 2012, Peabody had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

At all times relevant to this matter, Peabody has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

29.

Peabody is subject to the personal jurisdiction of this Court.

**COUNT I - FAILURE TO PAY OVERTIME**

30.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

31.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

32.

During his employment with Peabody, Plaintiff regularly worked in excess of forty (40) hours per week.

33.

At all times material to this action, Peabody failed to create, maintain or preserve records of Plaintiff's work time performing maintenance work on its behalf after normal business hours and on weekends.

34.

Peabody failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from November 2010 through June 21, 2012.

35.

Peabody willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from November 2010 through June 21, 2012.

36.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

37.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

38.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – BREACH OF CONTRACT

39.

The allegations contained in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

40.

Plaintiff and Peabody were parties to a contract of employment (hereafter "the Plaintiff Contract") from on or about November 2010 through June 21, 2012.

41.

The Contract provided that Peabody would pay Plaintiff for work that Plaintiff performed on behalf of and for the benefit of Peabody.

42.

While employed by Peabody, Plaintiff frequently performed maintenance work for Peabody after normal business hours and on weekends.

43.

At all times material to this action, Peabody knew that Plaintiff frequently performed maintenance work after normal business hours and on weekends.

44.

At all times material to this action, Peabody failed to properly compensate Plaintiff for the maintenance work he performed on Defendant's behalf after normal business hours and on weekends.

45.

Peabody's failure to compensate Plaintiff for the maintenance work he performed on Defendant's behalf after normal business hours and on weekends constitutes a material breach of the Contract.

46.

As the direct and foreseeable result of this breach, Plaintiff has sustained and continues to sustain damages in an amount to be proven at trial.

**COUNT III – QUANTUM MERUIT**
47.

The allegations contained in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

48.

From on or about November 2010 through December 2012 and again from May 2012 through June 21, 2012, Plaintiff served as a maintenance technician for Peabody.

49.

From on or about January 2012 through April 2012, Plaintiff served as a maintenance supervisor for Peabody.

50.

Plaintiff's service as a maintenance technician and as a maintenance supervisor for Peabody as described above was valuable to Defendant.

51.

Peabody requested Plaintiff's service as a maintenance technician and as a maintenance supervisor.

52.

Peabody knowingly accepted Plaintiff's service as a maintenance technician and as a maintenance supervisor.

53.

The receipt of Plaintiff's services as a maintenance technician and as a maintenance supervisor for Peabody without compensation would be unjust.

54.

Plaintiff expected to be compensated at the time he provided his services as a maintenance technician and as a maintenance supervisor.

55.

Plaintiff is entitled to a recover from Peabody the reasonable and legal value of the services he provided as a maintenance technician and as a maintenance supervisor for Defendant from November 2010 through June 21, 2012, in an amount to be determined at trial.

**COUNT IV - PROMISSORY ESTOPPEL**

56.

The allegations contained in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

57.

On or before October 2010, Peabody promised to pay Plaintiff in return for Plaintiff's service as a maintenance technician and as a maintenance supervisor.

58.

Peabody should have reasonably expected that its promises would induce action by Plaintiff in reliance of said promise, i.e., serve as a maintenance technician and as a maintenance supervisor for Defendant in exchange for full legal compensation.

59.

Peabody's promise did in fact induce Plaintiff to act in reliance thereof, *i.e.,* to serve as a maintenance technician and as a maintenance supervisor for Defendant, to his detriment.

60.

Plaintiff's service as a maintenance technician and as a maintenance supervisor for Peabody conferred a benefit on Defendant.

61.

Peabody failed to pay Plaintiff in accordance with their promise.

62.

Plaintiff relied on Peabody's promise.

63.

Plaintiff's reliance on Peabody's promise was reasonable.

64.

Injustice can only be avoided by enforcement of Peabody's promise.

65.

Plaintiff is entitled to a recover from Peabody the reasonable and legal value of the services he provided as a maintenance technician for Peabody from November 2010 through June 21, 2012, in an amount to be determined at trial.

**WHEREFORE**, Plaintiff respectfully prays:

1.  That Plaintiff be awarded judgment in an amount to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages and pre-judgment interest thereon;

2.  That Plaintiff have and recover judgment against Defendant for the pendent State claims herein asserted in amounts to be proved at trial;

3.  That Plaintiff be awarded his costs of litigation, including his reasonable attorneys' fees from Defendant; and

4.  For such other and further relief as the Court deems just and proper.

Respectfully submitted,

**DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC**

*/s/CHARLES R. BRIDGERS*
CHARLES R. BRIDGERS
GA. BAR NO. 080791

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com
ednovotny@dcbflegal.com

*/s/ KEVIN D. FITZPATRICK, JR.*
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

/s/ EDMUND J. NOVOTNY
EDMUND J. NOVOTNY
GA. BAR NO. 547338

**COUNSEL FOR PLAINTIFF**